## Anchor Motor Freight, Inc. v. Western Maryland Railway Co.

*Joseph M. George,* for plaintiff.

*Robt. B. Critchfield, Samuel K. Uhl* and *Alfred E. Jones,* for defendant.

ADAMS, *J.,* January 30, 1976—This action is before the court en banc on preliminary objections filed by Western Maryland Railway Company to a complaint in trespass wherein Anchor Motor Freight, Inc. seeks to recover for damage allegedly done to its tractor-trailer in an accident occurring between Anchor Motor Freight, Inc.'s tractor-trailer and Western Maryland Railway Company's train on September 14, 1972, for reason that the complaint should have been in the form of a counterclaim to the action filed at December term, 1973, no. 121, wherein Western Maryland Railway Company was plaintiff and Anchor Motor Freight, Inc. was defendant, arising out of the same facts, rather than an independent

action, and for the further reason that the complaint in this action was not timely filed.

The court is of the opinion that the preliminary objections should be dismissed.

On September 14, 1972, a collision occurred between a tractor-trailer belonging to Anchor Motor Freight, Inc. and a train belonging to Western Maryland Railway Company. On December 17, 1973, Western Maryland Railway Company filed an action in trespass against Anchor Motor Freight, Inc., at December term, 1973, no. 121, for damage allegedly sustained by it in the collision. A trial was scheduled for October 23, 1974. At Anchor Motor Freight, Inc.'s request, a continuance was granted and the trial was rescheduled. On November 20, 1974, Anchor Motor Freight, Inc. filed an independent complaint in trespass against Western Maryland Railway Company at September term, 1974, no. 769. The contention of Western Maryland Railway Company that the complaint at September term, 1974, no. 769, be dismissed on the grounds that Anchor Motor Freight, Inc. should have filed a counterclaim rather than a separate action is without merit.

Goodrich-Amram on Pa. R. C. P. 1031(b-1) states:

"The filing of the counterclaim by the defendant is always optional; he may, if he prefers, elect to start an independent suit on the counterclaim against the plaintiff . . . [Under Pennsylvania practice,] [a]ll counterclaims are permissive . . . and represent merely a matter of procedural convenience for the defendant . . . ."

See also 2B Anderson Pa. Civ. Prac. §1031.3, 51, of the same accord.

Therefore, in the instant case it was proper for

Anchor Motor Freight, Inc. to exercise the option available to it and bring a separate action against Western Maryland Railway Company.

The further contention of Western Maryland Railway Company that the separate action was not timely filed, since it was initiated only after the first case was listed for trial, is equally without merit.

The time limit for filing the separate complaint is controlled by the six-year statute of limitations applicable to claims for property damage. To prohibit a party from filing either a counterclaim or separate action after the first action was listed for trial would, in effect, impose a new statute of limitations of shorter duration. The complaint filed by Anchor Motor Freight, Inc. on November 20, 1974, at this number and term, is proper and timely.

## ORDER

And now, January 30, 1976, the preliminary objections raised by defendant are hereby dismissed, with leave to Western Maryland Railway Company to file an answer and new matter within 20 days of the date of this order.